PUBLIC FINANCE CORP. OF YOUNGSTOWN NO. 2, APPELLEE,
v. FURNITURELAND OF YOUNGSTOWN, INC., APPELLANT.

(No. 4803—Decided March 11, 1969.)

*Mr. Morris Mendelssohn,* for appellee.
*Mr. Samuel D. Unger* and *Mr. Warren E. Grant,* for appellant.

LYNCH, P. J. On April 19, 1966, defendant seller, appellant herein, sold a new bedroom suite to buyers, who received it on April 20, 1966. A security agreement was signed by the buyers on April 21, 1966, and on the same

day was assigned without recourse to plaintiff finance company, appellee herein.

Subsequently, the buyers advised defendant that the furniture was scratched, and defendant took back the furniture and attempted to deliver a replacement suite which was refused by the buyers. Plaintiff recovered judgment from defendant in the Youngstown Municipal Court for the amount it paid defendant, and defendant appealed.

Some of defendant's assignments of error questioned some factual determinations of the trial court, such as the trial court's finding that there was no delivery of merchandise at the time of the assignment. The record of the case as to facts consists of a narrative bill of exceptions and a separate finding of fact and conclusion of law by the trial court. We feel that the record of the case is insufficient for us to pass on the factual determination of the trial court.

However, even if defendant's version of the facts is correct that there was a delivery of the merchandise before the security agreement was signed by the buyers and assigned to plaintiff, the evidence is undisputed that, subsequently, the merchandise was returned to defendant and the buyers refused replacement merchandise. At the time the petition in this case was filed, the buyers had nothing in their possession that represented consideration for the security agreement. Before this security agreement against the buyers could be enforced it was obvious that a lawsuit would have to be filed. We feel that, whatever the intention of defendant was when this security agreement was assigned to plaintiff for a valuable consideration, it was not the intention of plaintiff to acquire a lawsuit.

Section 1303.53 (B) of the Revised Code provides that any person who transfers a negotiable instrument for a consideration warrants to his transferee that he has good title to the instrument and that no defense of any party is good against him. If the transfer is "without recourse" the transferor limits the latter warranty to a warranty that he has no knowledge that a party has a defense that is good against him.

The assignment of this security agreement by defendant to plaintiff for a valuable consideration was a contract between the business establishments, that consisted of one of many similar transactions. In effect it was a sale of a security agreement by a merchant of goods to a finance company.

Section 1302.27 of the Revised Code provides that there is an implied warranty in a contract for the sale of goods that the goods are merchantable and will pass without objection in the trade under the contract description. Perhaps, a security transaction such as in this case is not included under the term "goods" as used in Section 1302.-27 of the Revised Code. However, we feel that Section 1302.27 of the Revised Code is the codification of what the law always has been with reference to the sale of any commercial item.

We hold that when a merchant of goods in the regular course of business assigns a security agreement to a finance company for a valuable consideration there is an implied warranty that the security agreement is merchantable.

We further hold that when there is such a serious question of failure of consideration that a security agreement can be enforced only by the filing of a lawsuit, such as where the buyer has returned the goods which are the subject of the security agreement to the seller and does not have replacement goods in his possession, the security agreement is not merchantable and the assignee of the security agreement has the right to rescind the assignment agreement and to recover from the assignor the amount of consideration paid for the assignment of such security agreement.

*Judgment affirmed.*

O'NEILL and JOHNSON, JJ., concur.